# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHAEL MOSLEY, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-2682-BAH |
| WESTERN EXPRESS, INC., ET AL., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Michael Mosley brought suit against Anthony Ridley ("Ridley") and Western Express, Inc. ("Western Express") asserting claims of negligence (Count I) and respondeat superior (Count II) in connection with an automobile accident that occurred on November 13, 2024. ECF 1. Pending before the Court is Plaintiff's Motion for Alternative Service (the "Motion"). ECF 7. Plaintiff's filing includes exhibits. *See* ECF 7-1–7-4.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff alleges that while he was asleep in a parking area in Jessup, Maryland, Ridley, who was "operating a vehicle owned by Western Express, Inc., his employer . . . attempted to make a left turn and sideswiped the Plaintiff's vehicle." ECF 1, at 2 ¶¶ 6–7. "At the scene of the accident," Ridley allegedly told the "investigating police officer" that his address was 240 E. Weber Street, Toledo, Ohio 43608. *Id.* at 1 ¶ 2; ECF 7, at 1 ¶ 2; ECF 7-1.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Plaintiff served Western Express on August 22, 2025. *See* ECF 5. Western Express answered on October 3, 2025. *See* ECF 9. As it relates to Ridley, Plaintiff claims that his process server attempted to serve him at the 240 E. Weber Street address, but "spoke with the current occupant and owner" who "advised [] that [] Ridley" no longer resided there and that Ridley had sold the property to the current owner "in 2024." ECF 7, at 2 ¶ 3. Counsel for Plaintiff attempted to find Ridley's current address "through Westlaw" and determined that Ridley's 2025 voter registration record still lists the 240 E. Weber Street address. *Id.* at 1–2 ¶ 4. Plaintiff alleges that "[a]t the time of the accident, Defendant was employed by Western Express, Inc., and was driving its vehicle which is self-insured by Western Express, Inc." *Id.* at 2 ¶ 6. Though Western Express is self-insured "up to a certain amount" Plaintiff notes in the Motion that its insurer is CBCS Catastrophic Claims and that "[a]djuster Zach Blackwood is assigned to the claim." *Id.* Plaintiff claims he has "exhausted all resources to locate" Ridley and seeks alternative service by mailing "the suit papers" to Blackwood and to Western Express' resident agent, Roland Lowell. *Id.* at 2 ¶ 5.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(2) provides that an individual "within a judicial district of the United States" may be served a summons and complaint by personal delivery, delivery to an agent authorized to receive service of process, or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1); *see also Hecker v. Gamer*, Civ. No. 22-cv-2152-JMC, 2023 WL 1415957, at *1 (D. Md. Jan. 31, 2023) ("[An] individual may be served by any means allowed by the state where the district court is located or the state where service is to be effected." (citations omitted)).

2

Under Maryland law, service of process may be effected upon an individual by personal delivery, "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion," or by mailing these documents to the individual "by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a). Relevant here, Maryland Rule 2–121(c) allows a court to "order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice" when the Court is "presented with an affidavit stating that good faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed." *Wheelz Up, LLC v. Cordero,* Civ. No. DKC 24-212, 2024 WL 2881349, at *1 (D. Md. June 7, 2024) (citing Md. Rule 2-121(c)).[2]

Under Ohio law, service of process through a civil process server may be effected upon an individual by "locat[ing] the person to be served and . . . tender[ing] a copy of the process and accompanying documents to the person to be served" or "leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served." Ohio Civ. R. 4.1(B)–(C). Alternative service is permitted under Ohio law in the form of publication when "an affidavit of the party requesting service or that party's counsel [is] filed with the court" reflecting "that service of summons cannot be made because the residence of the party to be served is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the party to be served, and that the residence of the party to be served cannot be ascertained with reasonable diligence." Ohio Civ. R. 4.4(A)(1).

---

[2] Rule 2-121(c) also requires a finding that "that service pursuant to section (b) of [Rule 2-121] is inapplicable or impracticable." Md. Rule 2-121(c). Rule 2-12(b) applies to defendants who have "acted to evade service," a circumstance the Court finds inapplicable here since the only allegation is that he no longer resides at the address he did when the November 13, 2024 accident occurred.

"To pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *3 (D. Md. Sept. 1, 2023) (first citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996)). This Court has recognized that "[w]hile personal service is the preferred method, Maryland Rule 2-121(c) allows the Courts to customize a method of service specifically for the situation before it." *Fid Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. 12-148-PWG, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013).

## III.    ANALYSIS

Plaintiff requests permission to effect service on Ridley through service on either Blackwood or Western Express' resident agent because "Blackwood has been assigned to this claim," ECF 7, at 2 ¶ 7, and Ridley "was employed by [Western Express] at the time of the accident." *Id.* ¶¶ 7–8. However, Plaintiff has not demonstrated that alternative service is appropriate yet. Plaintiff made three attempts to serve Ridley by personal service at the 240 E. Weber Street address, *see* ECF 7-2, and has generally established that Ridley no longer resides there. Plaintiff's counsel alleges he "did further research through Westlaw to try to locate" Ridley's address, learning only that Ridley's voter registration lists the Weber Street address. ECF 7, at 1–2 ¶ 4. This fact is unremarkable since Ridley likely moved from Weber Street in 2024 and may not have registered to vote at his new residence. Plaintiff does not detail any efforts by the process service to locate Ridley's current address through the perusal of other public records and databases. *See Wheelz Up, LLC v. Cordero,* Civ. No. DKC 24-212, 2024 WL 3877627, at *3 (D. Md. Aug. 20, 2024) (permitting alternative service where the plaintiff hired a private investigator who made multiple unsuccessful service attempts and attested to searching for the defendant

4

through Accurint). Indeed, Plaintiff sought alternative service less than a month after the issuance of Ridley's summons and before investigating other options for locating Ridley or pursuing other permitted means of alternative service. For example, Plaintiff did not, and does not now, seek to effectuate service by publication, which is permitted under Ohio law. *See Powell v. Divine Status LLC*, No. 2:23-CV-501, 2023 WL 3734237, at *2 (S.D. Ohio May 31, 2023) (noting that service by publication may be permitted under Ohio law when a plaintiff has exercised "reasonable diligence in his attempt to locate a defendant," such as "a check of the telephone book, the city directory, a credit bureau, county records (such as the auto title department or the board of elections), or an inquiry of former neighbors)").

Moreover, Plaintiff's proposed method of alternative service is not reasonably calculated to apprise Ridley of the instant action. *See Timilon Corp.*, 2023 WL 5671616, at *3. Plaintiff has not alleged that Blackwood is in contact with Ridley or aware of Ridley's current location. And while Plaintiff has alleged that Ridley was an employee of Western Express at the time of the accident, he does not aver that Ridley remains in its employ or that anyone at Western Express has any knowledge of Ridley's current whereabouts.[3]

Accordingly, Plaintiff's motion for alternative service is DENIED without prejudice. However, Plaintiff will be given an additional 60 days—until Monday, December 15, 2025—to effectuate service on Ridley and Plaintiff is not barred from, if necessary, seeking additional appropriate relief from the Court. *See* Fed. R. Civ. P. 4(m) (allowing, "upon good cause," a court to "extend the time for service for an appropriate period").

---

[3] It may be the case that limited discovery on this topic is in order. After all, Western Express has answered the complaint and admits to "leas[ing]" and having "possession and control" over the vehicle that allegedly sideswiped Plaintiff's vehicle. ECF 9, at 1 ¶ 3. Though there appears to be no impediment to learning from Western Express if Ridley left a forwarding address or is still working for the company, Plaintiff has made no representation that he has made such inquiries.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service, ECF 7, is **DENIED**

without prejudice.   Plaintiff will be given an additional 60 days—until Monday, December 15,

2025—to effectuate service on Ridley.

A separate implementing order will issue.

Dated: <u>October 14, 2025</u>                                   <u>            /s/            </u>
                                                                        Brendan A. Hurson
                                                                        United States District Judge